UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHELLEY L. STANGLER, P.C.
ATTORNEYS FOR PLAINTIFF
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE (973) 379-0031
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| NICHOLAS H. QUARTUCCIO, SR.<br><br>　　　Plaintiff,<br>vs.<br><br>TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, POLICE OFFICER MATTHEW DOX #250, POLICE OFFICER JOHN ANDINO, #242, POLICE OFFICER ANTHONY ABATE # 248, POLICE OFFICER JOSEPH WERNER # 259, POLICE OFFICER FRANCHINO PIGNATARO #247, POLICE OFFICER CHARLES MOLLINEUX #236, POLICE OFFICER WILLIAM KNOTH #238, CHIEF OF POLICE JOSEPH P. ROTONDA , JOHN DOES 1-5 AND ABC ENTITIES 1-5 (as yet unknown and unidentified jail officials, supervisors, agents or employees or entities,<br><br>　　　Defendants. | CIVIL ACTION<br><br><br><br>COMPLAINT AND JURY DEMAND |

## I. PARTIES

1.　At all relevant times herein plaintiff **NICHOLAS H. QUARTUCCIO, SR** was and is a domiciliary of the Township of Belleville, in the State of New Jersey.

2.　At all relevant times herein the defendant **TOWNSHIP OF BELLEVILLE,** was and still is a municipal entity organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 152 Washington Avenue, Belleville, New Jersey 07109.

3. At all relevant times herein, upon information and belief, the defendant **BELLEVILLE POLICE DEPARTMENT** was and is an agency, department and/or subdivision of the **TOWNSHIP OF BELLEVILLE** organized and existing pursuant to the laws of the State of New Jersey, engaged in the hiring, training and supervision of law enforcement officers, with a place of business at 52 Washington Avenue, Belleville, New Jersey 07109.

4. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER MATTHEW DOX #250** (hereinafter **"DOX"**) is a police officer employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

5. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER JOHN ANDINO #243** (hereinafter **"ANDINO"**) is a police officer employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

6. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER ANTHONY ABATE #248** (hereinafter **"ABATE"**) is a police officer employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

7. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER JOSEPH WERNER #259** (hereinafter **"WERNER"**) is a police officer employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

8. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER FRANCHINO PIGNATARO #247** (hereinafter **"PIGNATARO"**) is a police officer employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

9. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER CHARLES MOLLINEUX #236** (hereinafter **"MOLLINEUX"**) is a police officer

employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

10. At all relevant times herein, upon information and belief, defendant **POLICE OFFICER WILLIAM KNOTH #238** (hereinafter **"KNOTH"**) is a police officer employed by the defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT**, acting in his official capacity as a police officer under color of law.

11. At all relevant times herein, upon information and belief, defendant **CHIEF OF POLICE JOSEPH P. ROTONDA** (hereinafter **"CHIEF ROTONDA"**), was the Chief of Police of the **BELLEVILLE POLICE DEPARTMENT**, responsible for the supervision and oversight of the Department, including the development, promulgation, and implementation of policies, procedures and standards for the police department and more specifically policies, procedures and standards relating to the use of force, arrest procedures, internal affairs investigations, discipline and overall conduct of police officers.

12. At all relevant times herein defendants **ABC ENTITIES 1-5** were as yet unidentified departments, agencies or subdivisions of the **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT**, and/or municipal entities responsible for supervision, management and control over defendant police officers **DOX, ANDINO, ABATE, WENER, PIGNATARO, MOLLINEUS, KNOTH** and others.

13. At all relevant times herein defendants **JOHN DOES 1-5 (as yet unidentified individuals )** were duly appointed police officers and/or supervisors of defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT.**

## II. NATURE OF ACTION

14. On September 2, 2010 plaintiff **NICHOLAS H. QUARTUCCIO, SR** (hereinafter **"QUARTUCCIO"**) while at his place of residence, 151 Bremond Street, Belleville State of New Jersey, was subject to the unlawful use of excessive and unnecessary force by defendant officers **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX,**

3

KNOTH and **JOHN DOES 1-5** (collectively, the **"OFFICER DEFENDANTS"**) without justification or cause.

15. On September 2, 2010 plaintiff **QUARTUCCIO**, while at his place of residence was subject to unlawful false arrest and false imprisonment by defendant officers **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH** and **JOHN DOES 1-5** without justification or cause.

16. Thereafter plaintiff **QUARTUCCIO** was subjected to abuse of process without justification or cause.

17. On September 2, 2010 and continuing, plaintiff **QUARTUCCIO** was subjected to unlawful emotional distress without justification or cause.

18. Plaintiff **QUARTUCCIO** was caused to suffer severe and permanent injuries by reason of the assault and use of unlawful force by defendant officers **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH** and **JOHN DOES 1-5.**

19. Plaintiff **QUARTUCCIO** institutes this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the defendants, officers **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH** and **JOHN DOES 1-5,** who, acting under color of state law and federal law and under authority, custom and usage of the defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT** and **ABC ENTITIES 1-5,** violated the civil rights of plaintiff protected by and secured under the provisions of the First, Fourth, and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

20. At all relevant times herein, defendants **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUSX,** and **KNOTH** were acting under color of state law and within the scope of their authority as employees and/or officers of defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT** and **ABC ENTITIES 1-5** as well as acting under the direct supervision of **CHIEF ROTONDA.**

### III JURISDICTION

21. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1332, 1343 (2), 1343 (3), 1343 (4), and Title 42 of the United States Code, Section 1983, as well as pendent jurisdiction to adjudicate plaintiffs' causes of action on the state and common law claims.

22. Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391 (b) in that all of the acts complained of herein occurred in the district and that the defendants are citizens of, reside in or are public entities of the State of New Jersey and domiciled within this district.

23. The matter in controversy herein involves, exclusive of interest, an amount in excess of $75,000.

### IV FACTUAL ALLEGATIONS

24. On the 2nd day of September, 2010 the **OFFICER DEFENDANTS** singly or collectively arrived at plaintiff's home and premises upon information and belief based on a call regarding a dispute at the home between plaintiff, his daughter Nicole Quartuccio and her boyfriend, John Gonzalez.

25. There was no altercation, dispute, argument, fight or other behavior warranting police intervention or probable cause for any arrest at the time the **OFFICER DEFENDANTS** arrived at the home, approximately 11:00pm on September 2, 2010.

26. The **OFFICER DEFENDANTS** engaged the persons at the home of plaintiff and learned that there had been a dispute as to whether the boyfriend was allowed to stay in the home and that plaintiff **QUARTUCCIO** had demanded that the boyfriend leave the premises.

5

27. Plaintiff **QUARTUCCIO** was in his garage which was set up as a private room with a TV when the **OFFICER DEFENDANTS** arrived and was not causing any harm or creating any problems.

28. Plaintiff **QUARTUCCIO** was called inside the house by the police and was asked if 'everything was allright" and "what is the problem here" to which **QUARTUCCIO** responded that his daughter and granddaughter could stay but that the boyfriend had to leave.

29. The **OFFICER DEFENDANTS**, more particularly either **OFFICER ABATE** or **OFFICER DOX** repeatedly asked plaintiff the same questions, and kept responding "wrong answer" when plaintiff advised that everything was fine and was answering their questions.

30. Thereafter, as Nicole Quartuccio went inside the house to find her boyfriend the **OFFICER DEFENDANTS** surrounded plaintiff **QUARTUCCIO** and without cause or justification hit him on the back of his head and slammed him to the ground.

31. The **OFFICER DEFENDANTS** repeatedly kicked, punched and beat the plaintiff outside his home, jumping and pummeling him and hitting him in the head.

32. Having come out and observing the beating, Nicole Quartuccio screamed for the **OFFICER DEFENDANTS** to stop and saw her father, plaintiff **QUARTUCCIO,** already in handcuffs and saw her father screaming, shouting and crying.

33. Nicolle Quartuccio repeatedly complained to the **OFFICER DEFENDANTS** about the use of excessive force but was rebuffed.

34. Thereafter, without cause or justification, plaintiff **QUARTUCCIO** was falsely arrested and imprisoned, and charged with aggravated assault on a police officer, resisting arrest, criminal mischief and throwing bodily fluids at a law enforcement officer.

35. Plaintiff **QUARTUCCIO** spent about a week in jail, and thereafter, upon advice of counsel, upon information and belief pled guilty to simple assault and a disorderly persons charge.

36. Despite the lack of probable cause for any arrest, defendants maliciously and with deliberate indifference and without cause deprived plaintiff of his liberty and the rights, privileges and immunities granted to him under the United States Constitution by making a false arrest and by the use of excessive force and the filing of false charges.

37. Despite the lack of probable cause for any arrest, defendants maliciously and with deliberate indifference and without cause deprived plaintiff of his liberty and the rights, privileges and immunities granted to him under the United States Constitution by making a false arrest and filing false charges which resulted in a plea of guilty to lesser charges upon advice of counsel.

38. The conduct of the **OFFICER DEFENDANTS** constitutes an abuse of process which deprived plaintiff of his liberty and the rights, privileges and immunities granted to him under the United States and New Jersey Constitutions.

39. At all relevant times herein, defendants **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, ABC ENTITIES 1-5** and **JOHN DOES 1-5** were acting under color of state law and within the scope of their authority as employees, agents and/or officers of defendants **TOWNSHIP OF BELLEVILLE** and the **BELLEVILLE POLICE DEPARTMENT.**

40. During all relevant times herein the defendants **DOX, ANDINO ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA** and **JOHN DOES 1-5,** their agents servants, and/or employees acted under color of law, under the color of the

constitution, statutes, laws, charter, ordinances, rules, regulations, customs, usages, and practices of the said police departments, agencies and entities.

41. During all relevant times defendants **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH,** and **CHIEF ROTONDA** ratified and maintained a practice, custom and/or policy of failing to train, discipline and/or supervise the **OFFICER DEFENDANTS** in conformity with clearly established constitutional principles which govern their conduct, including proscriptions against the use of excessive force in effecting seizures of unarmed persons.

42. During all relevant times herein the defendants **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH,** and **CHIEF ROTONDA** were responsible for the conduct of the **OFFICER DEFENDANTS** as well as instruction, supervision and implementation of proper law enforcement procedures and oversight over the **BELLEVILLE POLICE DEPARTMENT.**

43. During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit unlawful assault, battery and violations of civil rights upon plaintiff **QUARTUCCIO.**

44. At all relevant times herein the defendants acted with deliberate and conscious indifference to **QUARTUCCIO's** constitutional rights which violations arise out of a pattern of custom, policy and practice by and of defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, ABC ENTITIES 1-5,** and **CHIEF ROTONDA** in allowing the use of excessive force, permitting and condoning the use of excessive force and violation of police procedures as well as the failure to properly hire, train and supervise police officers in the proper conduct of their duties and in the use of force.

## FIRST CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through forty-four (44) of the Complaint and incorporates same by reference.

46. By reason of the foregoing unlawful and excessive use of force, defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

47. By reason of the foregoing unlawful and false arrest and imprisonment, defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

48. By reason of the foregoing abuse of process, defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, JOHN DOES 1-5** and **ABC ENTITIES 1-5** through and by the acts of the individual police officers willfully, wantonly, and recklessly violated the civil rights of plaintiff.

49. The foregoing acts of assault and excessive force, false arrest, false imprisonment and abuse of process violated plaintiff's right under the Fourth Amendment to be secure in his person from unreasonable seizures, and deprived plaintiff **QUARTUCCIO** of his rights, privileges and immunities secured by the Constitution and laws of the United States.

50. The foregoing acts of assault and excessive force, false arrest, false imprisonment, malicious prosecution and abuse of process violated plaintiff's right under the First and Fourteenth Amendments to due process, equal protection and his rights of privacy and

9

deprived plaintiff **QUARTUCCIO** of his rights, privileges and immunities secured by the Constitution and laws of the United States.

51. Defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, JOHN DOES 1-5** and **ABC ENTITIES 1-5**, their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of **QUARTUCCIO**, failure and refusal to properly supervise or otherwise correct improper conduct, in allowing and permitting a pattern of improper violation of police procedures and protocol to persist, failure to properly hire, train and supervise law enforcement officers, and permitting a pattern of abuse to continue, deprived plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiffs pursuant to Title 42 Section 1983 of the United States Code and under state law.

52. The aforedescribed acts of the **OFFICER DEFENDANTS** and **JOHN DOES 1-5** were committed under the color of law and within their authority as police officers and employees of the **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT** and **ABC ENTITIES 1-5** and were acting within the scope of their employment and pursuant to the authority vested in them by said defendants.

53. The aforescribed acts of the **OFFICER DEFENDANTS** were committed while under the directive and supervision of defendant **CHIEF ROTONDA** and **ABC ENTITIES 1-5** and others in the chain of command.

54. Defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, ABC ENTITIES 1-5** and **JOHN DOES 1-5** deprived plaintiff his constitutional rights, acting under color of statute, ordinance, regulation, custom or usage and

misused the power they possessed.

55. Defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, ABC ENTITIES 1-5** and **JOHN DOES 1-5** acted pursuant to official policy and/or governmental custom, and deprived plaintiff's decedent of his constitutional rights secured by 42 U.S. Code.

56. As a direct and proximate result of the practices, customs and usages of the defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, ABC ENTITIES 1-5** and **JOHN DOES 1-5,** plaintiff was deprived of his right to due process of law guaranteed under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

57. As a direct and proximate result of defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, THE OFFICER DEFENDANTS, CHIEF ROTONDA, ABC ENTITIES 1-5** and **JOHN DOES 1-5's** constitutional violations, plaintiff sustained serious, severe and permanent injuries.

58. As a direct and proximate result of the violation of constitutional rights as aforedescribed, plaintiff was caused to suffer severe, painful and permanent personal injuries, mental anguish and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities, all to his damage.

59. By reason of the foregoing plaintiff has been damaged.

60. WHEREFORE plaintiff **NICHOLAS H. QUARTUCCIO, SR.,** demands judgment against defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, POLICE OFFICER MATTHEW DOX #250, POLICE OFFICER JOHN ANDINO #243, POLICE OFFICER ANTHONY ABATE #248, POLICE OFFICER JOSEPH WERNER #259, POLICE OFFICER FRANCHINO PIGNATARO #247, POLICE OFFICER CHARLES MOLLINEUX #236, POLICE OFFICER WILLIAM**

KNOTH #238, CHIEF OF POLICE JOSEPH P. ROTONDA , JOHN DOES 1-5 and ABC ENTITIES 1-5 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

## SECOND CAUSE OF ACTION
### (New Jersey Civil Rights Act)

61. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through sixty (60) of the Complaint and incorporates same by reference.

62. On September 2, 2010 defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEUX, KNOTH, CHIEF ROTONDA, ABC ENTITIES 1-5** and **JOHN DOES 1-5** without cause or justification or consent did place plaintiff **QUARTUCCIO** in fear of imminent physical harm and intentionally assaulted him.

63. As a direct and proximate result of the assault and battery plaintiff was caused to be placed in fear of physical harm, suffered severe physical injury, emotional anguish and has otherwise been damaged.

64. The aforedescribed damages and injuries were caused solely and wholly by the intentional and willful assault and battery of the defendants without any fault of plaintiff contributing thereto.

65. As a direct and proximate result of the assault and battery as aforedescribed, plaintiff was caused to suffer severe, painful and permanent injuries, sustained severe nervous shock, mental anguish and great physical pain, was compelled to undergo hospital and medical aid and treatment and was prevented from engaging in his usual activities.

66. By reason of the foregoing plaintiff **QUARTUCCIO** has been damaged.

67. WHEREFORE plaintiff **NICHOLAS H. QUARTUCCIO, SR.,** demands judgment against defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, POLICE OFFICER MATTHEW DOX #250, POLICE OFFICER JOHN ANDINO #243, POLICE OFFICER ANTHONY ABATE #248, POLICE OFFICER**

JOSEPH WERNER #259, POLICE OFFICER FRANCHINO PIGNATARO #247, POLICE OFFICER CHARLES MOLLINEUX #236, POLICE OFFICER WILLIAM KNOTH #238, CHIEF OF POLICE JOSEPH P. ROTONDA , JOHN DOES 1-5 and ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

### THIRD CAUSE OF ACTION
### (False arrest and Imprisonment)

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through sixty-seven (67) of the Complaint and incorporates same by reference.

69. Plaintiff was falsely imprisoned and arrested by defendants **DOX, ANDINO, ABATE, WERNER, PIGNATARO, MOLLINEU, KNOTH,** and **JOHN DOES 1-5** acting as police officers, agents, servants and employees of the defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT** and **ABC ENTITIES 1-5** under the supervision of defendant **CHIEF ROTONDA.**

70. The defendant police officers were acting within the scope of their employment and/or agency at the time of the aforementioned false imprisonment and arrest.

71. As a result of the aforesaid false arrest and false imprisonment plaintiff **QUARTUCCIO** was caused to suffer severe emotional distress, humiliation, embarrassment, ridicule and scorn along with a violation of his civil rights, liberty and freedom.

72. The aforedescribed false arrest and false imprisonment were wanton, reckless, malicious acts, intentional and without probable cause.

73. As a direct and proximate result of the false arrest and false imprisonment plaintiff has been damaged.

74. WHEREFORE plaintiff **NICHOLAS H. QUARTUCCIO, SR.,** demands judgment against defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, POLICE OFFICER MATTHEW DOX #250, POLICE OFFICER JOHN**

13

ANDINO #243, POLICE OFFICER ANTHONY ABATE #248, POLICE OFFICER JOSEPH WERNER #259, POLICE OFFICER FRANCHINO PIGNATARO #247, POLICE OFFICER CHARLES MOLLINEUX #236, POLICE OFFICER WILLIAM KNOTH #238, CHIEF OF POLICE JOSEPH P. ROTONDA , JOHN DOES 1-5 and ABC ENTITIES 1-5 jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

### FOURTH CAUSE OF ACTION
(Emotional Distress)

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through seventy-four (74) of the Complaint and incorporated same by reference.

76. On the 2nd day of September, 2010 defendants collectively and individually, by their agents, servants and their employees and each of them individually engaged in actions intended to inflict severe emotional trauma upon plaintiff **QUARTUCCIO.**

77. The trauma was so severe no reasonable person could be expected to endure it.

78. By reason of the foregoing plaintiff has suffered emotional trauma and has been damaged.

79. WHEREFORE **NICHOLAS H. QUARTUCCIO, SR.,** demands judgment against defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, POLICE OFFICER MATTHEW DOX #250, POLICE OFFICER JOHN ANDINO #243, POLICE OFFICER ANTHONY ABATE #248, POLICE OFFICER JOSEPH WERNER #259, POLICE OFFICER FRANCHINO PIGNATARO #247, POLICE OFFICER CHARLES MOLLINEUX #236, POLICE OFFICER WILLIAM KNOTH #238, CHIEF OF POLICE JOSEPH P. ROTONDA , JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

## FIFTH CAUSE OF ACTION
### (Abuse of Process)

80. Plaintiff repeats and realleges each allegation contained in paragraphs one (1) through seventy-nine (79) of the Complaint and incorporates same by reference.

81. Defendants' unlawful acts constitute abuse of process.

82. By reason of the foregoing plaintiff **QUARTUCCIO** was caused to suffer severe emotional distress, humiliation, embarrassment, ridicule and scorn in violation of his civil rights and due process of law.

83. By reason of the foregoing plaintiff has been damaged.

84. WHEREFORE plaintiff **NICHOLAS H. QUARTUCCIO, SR.,** demands judgment against defendants **TOWNSHIP OF BELLEVILLE, BELLEVILLE POLICE DEPARTMENT, POLICE OFFICER MATTHEW DOX #250, POLICE OFFICER JOHN ANDINO #243, POLICE OFFICER ANTHONY ABATE #248, POLICE OFFICER JOSEPH WERNER #259, POLICE OFFICER FRANCHINO PIGNATARO #247, POLICE OFFICER CHARLES MOLLINEUX #236, POLICE OFFICER WILLIAM KNOTH #238, CHIEF OF POLICE JOSEPH P. ROTONDA , JOHN DOES 1-5** and **ABC ENTITIES 1-5** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

Dated: August 30, 2012

                                         SHELLEY L. STANGLER, P.C.
                                         Attorney for the Plaintiff
                                         155 Morris Avenue
                                         Springfield, New Jersey 07081
                                         Phone: (973) 379-2500
                                         Fax (973) 379-0031

                                         BY: _____
                                         SHELLEY L. STANGLER, ESQ.

## JURY DEMAND

Pursuant to Rule 38B of the Federal Rules of Civil Procedure plaintiff demands that trial by jury in these actions for all issues triable by a jury.

Dated: August 30, 2012

## DESIGNATION OF TRIAL COUNSEL

Shelley L. Stangler, Esq. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated: August 30, 2012

By: _____
SHELLEY L. STANGLER, ESQ.

## CERTIFICATION

I, **SHELLEY L. STANGLER, ESQ.**, of full age, certify:

1. I have been retained to represent Plaintiff **NICHOLAS H. QUARTUCCIO, SR.**, in connection with the within matter.

2. The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3. There are no other parties of whom I am presently aware who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

BY: _____
SHELLEY L. STANGLER, ESQ.
Attorney for Plaintiff

Dated: August 30, 2012

16