PIRO, ZINNA, CIFELLI, PARIS
& GENITEMPO, P.C.
Daniel R. Bevere, Esq. (7565)
360 Passaic Avenue
Nutley, New Jersey 07110
(973) 661-0710
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------
NICHOLAS H. QUARTUCCIO, SR.        :   Case No. 2:12-cv-05464-DMC-JAD

   Plaintiff,                      :          Civil Action

v.                                 :   **ANSWER TO COMPLAINT**

TOWNSHIP OF BELLEVILLE,             :
BELLEVILLE POLICE DEPARTMENT,
POLICE OFFICER MATTHEW DOX          :
#250, POLICE OFFICER JOHN
ANDINO #242, POLICE OFFICER         :
ANTHONY ABATE #248, POLICE
OFFICER JOSEPH WERNER #259,         :
POLICE OFFICER FRANCHINO
PIGNATARO #247, POLICE              :
OFFICER CHARLES MALLINEUX
#236, POLICE OFFICER WILLIAM        :
KNOTH #238, CHIEF OF POLICE
JOSEPH P. ROTONDA, JOHN DOES        :
1-5 AND ABC ENTITIES 1-5 (as
yet unknown and unidentified        :
jail officials, supervisors,
agents, or employees or             :
entities,
                                    :
   Defendants.
-------------------------------

   Defendants, by way Answer to the Complaint of Plaintiff, hereby say:

**I. PARTIES**

   1. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint and leave Plaintiff to his proofs.

2. Admit

3. Admit

4. Admit

5. Admit

6. Admit

7. Admit

8. Admit

9. Admit

10. Admit

11. Admit

12. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint and leave Plaintiff to his proofs.

13. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint and leave Plaintiff to his proofs.

## II. NATURE OF ACTION

14. Deny

15. Deny

16. Deny

17. Deny

18. Deny

19. Deny

20. Deny

## III. JURISDICTION

21. Admit

22. Admit

23.

## IV. FACTUAL ALLEGATIONS

24. Deny

25. Deny

26. Deny

27. Deny

28. Deny

29. Deny

30. Deny

31. Deny

32. Deny

33. Deny

34. Deny

35. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint and leave Plaintiff to his proofs.

36. Deny

37. Deny

38. Deny

39. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint and leave Plaintiff to his proofs.

3

40. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint and leave Plaintiff to his proofs.

41. Deny

42. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint and leave Plaintiff to his proofs.

43. Deny

44. Deny

**FIRST CAUSE OF ACTION**

45. Defendants repeat each and every response to the allegations contained in paragraphs 1 through 44 of the Complaint as if the same were set forth at length herein.

46. Deny

47. Deny

48. Deny

49. Deny

50. Deny

51. Deny

52. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Complaint and leave Plaintiff to his proofs.

53. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint and leave Plaintiff to his proofs.

54. Deny

55. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the Complaint and leave Plaintiff to his proofs.

56. Deny

57. Deny

58. Deny

59. Deny

60. WHEREFORE, Defendants demand judgment dismissing plaintiffs Complaint, together with attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### (New Jersey Civil Rights Act)

61. Defendants repeat each and every response to the allegations contained in paragraphs 1 through 60 of the Complaint as if the same were set forth at length herein.

62. Deny

63. Deny

64. Deny

65. Deny

66. Deny

67. WHEREFORE, Defendants demand judgment dismissing plaintiffs Complaint, together with attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION
### (False arrest and Imprisonment)

68. Defendants repeat each and every response to the allegations contained in paragraphs 1 through 67 of the Complaint as if the same were set forth at length herein.

69. Deny

70. Deny

71. Deny

72. Deny

73. Deny

74. WHEREFORE, Defendants demand judgment dismissing plaintiffs Complaint, together with attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION
### (Emotional Distress)

75. Defendants repeat each and every response to the allegations contained in paragraphs 1 through 74 of the Complaint as if the same were set forth at length herein.

76. Deny

77. Deny

78. Deny

79. WHEREFORE, Defendants demand judgment dismissing plaintiffs Complaint, together with attorneys' fees and costs of suit.

## FIFTH CAUSE OF ACTION
### (Abuse of Process)

80. Defendants repeat each and every response to the allegations contained in paragraphs 1 through 79 of the Complaint as if the same were set forth at length herein.

81. Deny

82. Deny

83. Deny

84. WHEREFORE, Defendants demand judgment dismissing plaintiffs Complaint, together with attorneys' fees and costs of suit.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every separate Count thereof, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., including but not limited to: N.J.S.A. 59:2-1 (no liability of entity except as provided by act and no liability where immunized), 2-2 b (entity not liable where employee not liable), 2-3 (no entity liability for discretionary, administrative and other actions/inactions), 2-4 (no entity liability for failure to enforce any law, etc.), 2-5 (no entity liability for issuance of permit, license, etc.), 2-6 (no entity liability for failure to inspect or negligent inspection of private property), 2-10 (entity

7

not liable for acts or omissions of public employee constituting a crime, actual fraud, actual malice or willful misconduct); 3-1 et seq. (employee immunities) including but not limited to immunity with respect to: matters for which the entity in immune (3-1.c), discretionary and administrative matters (3-2), good faith (3-3), apparent authority (3-4), failure to enforce any law (3-5), issuance of permit or license (3-6), failure to inspect or negligent inspection of private property (3-7); institution or prosecution of judicial or administrative proceeding (3-8); failure to comply with N.J.S.A. 59:8-1 et seq., including but not limited to Plaintiffs' claims being barred for failure to timely serve a proper tort claim notice (8-3 and -8) and further barred for failure to apply for leave to file a notice of lat claim (8-9); Plaintiffs' claims are further barred in whole or in part pursuant to N.J.S.A. 59:9-1 et seq., including but not limited to 9-2 (barring interest, punitive damages, pain and suffering and duplicative benefits), 9-3 (excluding responsibility for any other tortfeasor), 9-4 (comparative negligence) and 9-6 (judgment or settlement with public employee as bar to suit against public entity).

### THIRD AFFIRMATIVE DEFENSE

Defendants herein assert all defenses available under the Civil Rights Act of 1871 at 42 U.S.C. 1983.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part by the negligent and/or otherwise wrongful acts and omissions of persons over whom these Defendants have no control.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are protected from both liability and overly intrusive discovery by reason of the doctrine of qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and Mitchell v. Forsythe, 472 U.S. 511 (1985).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes and/or rules of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants did not owe, nor breach any duty or obligation to Plaintiff and did not violate any clearly established law with respect to Plaintiff and acted, at all times, reasonably, proper, lawful and in the exercise of good faith.

## EIGHTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, Defendants were not guilty of any negligence, intentional, willful or malicious conduct which was a proximate cause of the alleged accident, injuries or damages of which Plaintiff complains.

## NINTH AFFIRMATIVE DEFENSE

The alleged damages complained of by the Plaintiff were the result of the Plaintiff's own actions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff was culpable, which culpability was greater than that of Defendants, collectively; thus Plaintiff's claims are barred by the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant, Township of Belleville, did not create or maintain a custom, practice or policy which proximately caused deprivation of Plaintiff's civil rights pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

None of the damages sought by Plaintiffs are properly recoverable in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend and to assert any additional affirmative defenses based upon the revelation of additional facts ascertained through continuing and ongoing investigation and discovery.

### RESERVATION OF RIGHTS

Plaintiff's claims have been instituted and maintained in bad faith and, therefore, Defendants are entitled to their attorneys' fees, costs of suit and such other relief as the Court deems

<s>
<p/>
</s>

proper in accordance with N.J.S.A. 2A:15-59.1 et. seq. and Federal Rule of Civil Procedure 11.

### TRIAL DESIGNATION

Daniel R. Bevere, Esq., is hereby designated as trial counsel for the within matter.

### CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, P.C.
Attorneys for Defendants

By: _____
DANIEL R. BEVERE (7565)

Dated: October 15, 2012